FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERENCE B. TEKOH, | No. 18-56414 |
| *Plaintiff-Appellant*, | D.C. No. |
| v. | 2:16-cv-07297-GW-SK |
| COUNTY OF LOS ANGELES; DENNIS STANGELAND, Sergeant; CARLOS VEGA, Deputy, | OPINION |
| *Defendants-Appellees*, | |
| and | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DOES, 1 to 10, | |
| *Defendants*. | |

On Remand from the United States Supreme Court

Filed August 4, 2023

Before: Mary H. Murguia, Chief Judge, and Kim McLane Wardlaw and Eric D. Miller, Circuit Judges.

Opinion by Judge Wardlaw;
Dissent by Judge Miller

# SUMMARY[*]

### Civil Rights/Coerced Confessions

On remand from the United States Supreme Court in a 42 U.S.C. § 1983 action alleging violations of plaintiff's Fifth Amendment right against compelled self-incrimination in his criminal case, the panel reversed the district court's judgment on a jury verdict in favor of defendants and remanded for a new trial on plaintiff's Fifth Amendment claim that his confession was coerced.

The Supreme Court held that a violation of *Miranda* is not itself a violation of the Fifth Amendment, and that there was no justification for expanding *Miranda* to confer a right to sue under §1983. *Vega v. Tekoh*, 142 S. Ct. 2095 (2022). On remand, plaintiff conceded that his *Miranda* claim was no longer viable, but maintained that he was entitled to a new trial on his Fifth Amendment coercion claim because the district court improperly excluded the testimony of coerced confessions expert Dr. Iris Blandón-Gitlin.

The panel held that the district court abused its discretion in excluding Dr. Blandón-Gitlin's testimony on coerced confessions because the testimony was relevant, false confessions are an issue beyond the common knowledge of the average layperson, and the circumstances surrounding plaintiff's confession went to the heart of his case.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Dissenting, Judge Miller would hold that district court did not abuse its discretion in excluding the proffered expert testimony of Dr. Blandón-Gitlin. No specialized understanding was necessary for the jury to assess the evidence of the allegedly coercive interrogation, and her proffered expert testimony would have violated the principle that an expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a witness' credibility.

## COUNSEL

Paul L. Hoffman (argued), Schonbrun Seplow Harris Hoffman & Zeldes LLP, Hermosa Beach, California; John C. Washington, Schonbrun Seplow Harris Hoffman & Zeldes LLP, Los Angeles, California; John Burton and Matt Sahak, The Law Offices of John Burton, Pasadena, California; for Plaintiff-Appellant.

Antonio K. Kizzie (argued), Snell & Willmer LLP, Los Angeles, California; Rickey Ivie, Ivie McNeill & Wyatt, Los Angeles, California; Melinda Cantrall, Hurrell Cantrall LLP, Los Angeles, California; for Defendants-Appellees.

# OPINION

WARDLAW, Circuit Judge:

Following a federal trial, Terence Tekoh appealed the district court's decisions to (1) instruct the jury that a § 1983 claim could not be grounded in a *Miranda* violation alone, and (2) exclude the testimony of Tekoh's coerced confessions expert, Dr. Iris Blandón-Gitlin.  We ruled in favor of Tekoh on the *Miranda* issue, but the Supreme Court reversed that decision.  *See Vega v. Tekoh*, 142 S. Ct. 2095, 2101 (2022).  On remand, Tekoh concedes that his *Miranda* claim is no longer viable, but maintains that he is entitled to a new trial on his Fifth Amendment coercion claim because the district court improperly excluded Dr. Blandón-Gitlin's testimony.

We review a district court's decision to exclude expert testimony for abuse of discretion.  *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010).  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

The district court erred in excluding Dr. Blandón-Gitlin's testimony on coerced confessions.  Expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  "Whether testimony is helpful within the meaning of Rule 702 is in essence a relevance inquiry." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002). "Our case law recognizes the importance of expert testimony when an issue appears to be within the parameters of a layperson's common sense, but in actuality, is beyond their

Tekoh v. County of Los Angeles 5

knowledge." *United States v. Finley*, 301 F.3d 1000, 1013 (9th Cir. 2002).[1]

Dr. Blandón-Gitlin's testimony was relevant to Tekoh's case, as she would have opined on how the text of confessions can indicate classic symptoms of coercion, and would have explained to the jury how Deputy Vega's tactics could elicit false confessions. She planned to testify that the apologies and excuses in Tekoh's statement demonstrate that Deputy Vega utilized minimization tactics—classic coercion—to elicit incriminating admissions. She would also explain to the jury the significance of Deputy Vega's use of a false evidence ploy when he told Tekoh there was video evidence. A jury could benefit from Dr. Blandón-Gitlin's expert knowledge about the science of coercive interrogation tactics, which Deputy Vega employed here, and how they could elicit false confessions. *See United States v. Halamek*, 5 F.4th 1081, 1088–89 (9th Cir. 2021) (affirming admission of psychological phenomenon where it would help explain that phenomenon to the jury). Because false confessions are an issue beyond the common knowledge of the average layperson, "jurors would have been better equipped to evaluate [Tekoh's] credibility and the confession itself had they known of the identified traits of stress-compliant confession and been able to compare them to [his] testimony." *Lunbery v. Hornbeak*, 605 F.3d 754, 765 (9th Cir. 2010) (Hawkins, J., concurring).

---

[1] Defendants-Appellees only contest whether Dr. Blandón-Gitlin's testimony would be helpful to the jury—i.e., its relevance—and do not contest that her testimony is based upon sufficient data or that her conclusions are the product of reliable principles and methods. *See Redlightning*, 624 F.3d at 1110.

The district court incorrectly concluded that Dr. Blandón-Gitlin's testimony would impermissibly vouch for or buttress Tekoh's credibility. Her testimony, however, was not that Tekoh was credible, but "assum[ing] the veracity" of Tekoh's claims, she concluded that Deputy Vega used these coercive tactics. Expert testimony that corroborates a witness's testimony is not a credibility assessment or improper buttressing, even if it implicitly lends support to that person's testimony. *Cf. Reed v. Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017) ("While [a]n expert witness is not permitted to testify specifically to a witness'[s] credibility, we know of no rule barring expert testimony because it might indirectly impeach the credibility of an opposing party's testimony." (internal quotation marks and citations omitted)).

Appellees argue that Dr. Blandón-Gitlin's testimony lacked probative value because the falsity of the confession was not at issue in the case. According to the appellees and the dissent, even if the jury believed the confession was true, it was "well-equipped" to conclude that Deputy Vega's tactics—racial slurs, threats of deportation, approaching Tekoh with his hand on his gun—were unconstitutionally coercive without Dr. Blandón-Gitlin's testimony. But despite the apparent obviousness of the coercion, at the second trial, the defendants repeatedly disputed that Vega used coercive tactics. And the expert's proposed testimony was not simply about false confessions, but the coercive questioning tactics that lead to them. Dr. Blandón-Gitlin's testimony would help the jury better understand coerced confessions, including why just asking questions can be coercive, issues that are beyond a layperson's understanding and not necessarily obvious, even in these circumstances. *See Lunbery*, 605 F.3d at 763 (Hawkins, J., concurring)

(stating that it is "hard to imagine anything more difficult to explain to a lay jury" than the fact that the alleged perpetrator could have confessed to a crime he did not commit).

Because the circumstances surrounding Tekoh's confession go to the heart of his case, excluding expert testimony contextualizing his account was crucial to the outcome. Accordingly, we reverse and remand for a new trial on Tekoh's Fifth Amendment claim.

**REVERSED AND REMANDED.**

MILLER, Circuit Judge, dissenting:

The jury had to decide who was telling the truth about the circumstances of Tekoh's interrogation by Deputy Vega: Tekoh or Vega. The proffered expert testimony of Dr. Blandón-Gitlin would not have been helpful to the jury in making that decision, so the district court did not abuse its discretion in excluding it.

To be admissible, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Expert testimony is not helpful if the factfinder is "well equipped" to determine the issue "'without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1040–41 (9th Cir. 2010) (quoting Fed. R. Evid. 702 advisory committee's note).

In this case, no specialized understanding was necessary to assess the evidence of the allegedly coercive interrogation. As the district court explained, "this matter came down to a question of credibility"—if the jury believed

Tekoh's account of the interrogation, then it would have been obvious that "the confession was indeed coerced." Tekoh said that when he tried to leave the room, Vega rushed at him, stepped on his toes, and threatened, "I'm about to put your black ass where it belongs, about to hand you over to deportation services, and you and your entire family will be rounded up and sent back to the jungle." According to Tekoh, Vega then ordered him to sit down, handed him a pen and paper, and dictated a confession for him to write. When Tekoh hesitated, Vega allegedly put his hand on his gun. It does not take an expert to see how that would have been coercive.

According to Tekoh, an expert might have explained that he was also subject to other, subtler pressures. But every situation is theoretically susceptible to some sort of expert analysis. It does not follow that such an analysis would be helpful to the jury, especially not when common sense will do. The jury did not need a psychologist to explain that an officer's putting a hand on his gun would be threatening, any more than it needed a podiatrist to explain that an officer's stepping on a suspect's toes would be painful.

Even if a general discussion of coerced confessions had a role to play in this case, that is not what Dr. Blandón-Gitlin would have offered. Rather, she intended to testify about the coercion of Tekoh's confession in particular. Courts "routinely exclude" testimony by psychological experts who seek to apply general concepts to individual witnesses, because such testimony often amounts to a credibility assessment. *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1246 (9th Cir. 2021) (Miller, J., concurring) (citing cases). Credibility is a matter for the jury to decide, so "[a]n expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly

buttress a witness' credibility." *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989).

Dr. Blandón-Gitlin's testimony would have violated that principle. She expressly assumed "the veracity of Mr. Tekoh's accounts of events," thus assuming that his confession was coerced. She would have invoked her expertise to press that conclusion on the jury. "From a scientific and professional perspective," she opined, "the content of [Tekoh's] statement, as a key piece of evidence of the alleged crime[,] is of poor quality." She described part of Tekoh's confession as a "textbook example" of "minimization tactics," or "face-saving excuses the interrogator creates" that "exponentially increase false confessions." In so doing, she foreclosed the alternative interpretation that Tekoh's "face-saving excuses" were just that—efforts to minimize the seriousness of an offense he had actually committed. Jurors have little room to draw their own conclusions about who is telling the truth when an expert uses the contested statement as the "textbook example" of falsity.

In any event, even if there were some basis for admitting Dr. Blandón-Gitlin's testimony, that does not mean that the district court abused its discretion in excluding it. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). Under the abuse-of-discretion standard, we must uphold the district court's decision "unless the ruling is manifestly erroneous." *Id.* at 142 (quoting *Spring Co. v. Edgar*, 99 U.S. 645, 658 (1879)). Tekoh has not come close to meeting that standard, so I would affirm the judgment of the district court.